UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF REC BOATS, LLC AND REC MARINE LOGISTICS, LLC AS OWNER AND OPERATOR OF THE M/V ELDA A, PETITIONING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION NO: <br><br> SECTION: <br><br> DIVISION: <br><br> ADMIRALTY – RULE 9(h) |

### DECLARATION OF VALUE AND FREIGHT PENDING

I, Blaine Russell, state and declare as follows:

1. I am over 21 years of age, of sound mind, and am competent to make this Declaration;

2. The facts stated herein are within my personal knowledge and are true and correct to the best of my knowledge;

3. I am currently employed by REC Boats, LLC ("Rec Boats") and REC Marine Logistics, LLC ("REC Marine") as the Operations Manager and held this position at the time of the alleged incident on August 10, 2024;

4. As Operations Manager, I have care, custody and control of the business records of REC Boats and REC Marine and am familiar with the vessel M/V ELDA A;

5. REC Boats was the owner of the M/V ELDA A (Official No. 1253279) on August 10, 2024, and REC Marine was its operator;

6. On August 10, 2024, the M/V ELDA A was under charter at a rate of $3,500.00 per day. Accordingly, its freight pending as of the date of the alleged incident was $3,500.00.

EXHIBIT A

7. Following the alleged incident, on October 31, 2024, REC Boats sold the M/V ELDA in an arms-length transaction to third-party F.A.S. Environmental Services, L.L.C. for the bargained amount of $1,600,000.00.

8. Upon information and belief, the post-incident value of the M/V ELDA A was $1,600,000.00.

9. Pursuant to 28 U.S.C. § 1746, I solemnly declare under penalty of perjury that the foregoing is true and correct.

_____
BLAINE RUSSELL

**Executed on the 5th day of February, 2026.**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: THE MATTER OF CROSBY TUGS, LLC, AS OWNER AND OPERATOR OF THE M/V CROSBY ENDEAVOR, PETITIONING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION NO.: 2:21-cv-00822<br><br>SECTION:<br><br>JUDGE:<br><br>MAGISTRATE JUDGE:<br><br>ADMIRALTY - Rule 9(h) |

### ORDER DIRECTING POSTING OF SECURITY AND NOTICE TO THE COURT

A Complaint having been filed herein by Crosby Tugs, LLC (hereinafter "Crosby" or "Limitation Petitioner"), as owner and operator of the M/V CROSBY ENDEAVOR, her engines, tackle, gear, furniture, appurtenances, etc. (hereinafter "the Vessel"), for exoneration from or limitation of liability, pursuant to 46 U.S.C. §§ 30501, *et seq*. and Rule F of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure, for any and all loss of life, injury, loss of property, destruction, or damage, arising out of the incident which occurred on October 28, 2020, all as is more fully described in Limitation Petitioner's Complaint For Exoneration From or Limitation of Liability ("Complaint") filed herein;

**NOW, THEREFORE,** on the motion of counsel for Limitation Petitioner:

**IT IS ORDERED** as follows:

1) That Limitation Petitioner shall post the security required by 46 U.S. C. § 30511(b) and Supplemental Admiralty Rule F(1) within thirty (30) days from the date of filing of the Complaint;

2) Once Limitation Petitioner has posted security, Limitation Petitioner shall file an *Ex Parte* Motion for Approval of Security, Restraining Order, Notice to Claimants and Other Relief, along with accompanying proposed order(s) and notice(s).

EXHIBIT
B

{N4378391.1} 1

3) Service of this order may be made through the United States Post Office by mailing a conformed copy thereof to potential claimants or to their respective attorneys, or alternatively, delivered by hand.

Signed this  27th  day of    April   , 2021.

_____
UNITED STATES DISTRICT JUDGE

{N4378391.1}  2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF MARQUETTE TRANSPORTATION COMPANY, LLC, | CIVIL ACTION |
| AS OWNER AND OPERATOR OF ABC VESSEL, FOR EXONERATION FROM | NO: 16-16992 |
| OR LIMITATION OF LIABILITY | SECTION: "J"(3) |

### ORDER

Before the Court is Marquette Transportation Company, LLC's ("Marquette") Motion for Reconsideration **(Rec. Doc. 6)** and Motion to Expedite same **(Rec. Doc. 7)**.

As to the latter motion,

**IT IS ORDERED** that the Motion to Expedite **(Rec. Doc. 7)** is **GRANTED**.

As to the former motion, Marquette requests that the Court reconsider its Order of December 16, 2016 (Rec. Doc. 5), which held that Marquette's limitation complaint was deficient for failing to post security. The Order required Marquette to amend its complaint, post security, and otherwise satisfy the Limitation Act's and Rule F's requirements within 30 days or its complaint would be dismissed without prejudice. Furthermore, the Order stated that the Court would not enjoin any claims against Marquette until Marquette complied with the Limitation Act and Rule F.

When it issued the December 16th Order, the Court had interpreted Marquette's complaint as requesting an immediate injunction and concursus of claims, as typically occurs in

1

**EXHIBIT C**

limitation proceedings, even though Marquette had not posted security. (*See* Complaint ¶¶ 18(2)-(3), Rec. Doc. 1; Proposed Order ¶ 5) However, Marquette explains in its Motion for Reconsideration that its complaint was merely intended to preserve its right to invoke the benefits of the Limitation Act before the Act's 6-month time period expires. (Rec. Doc. 6-1 at 2, 3) Marquette makes clear that it "does not request that the Court enter an order enjoining claims arising out of this matter before Marquette posts security." (*Id.* at 1) Marquette proposes instead that the Court alter its Order such that Marquette is not required to post security until Raymond Boudreaux (the plaintiff suing Marquette in state court) identifies which of Marquette's vessels are at issue. Marquette cites to *Guey v. Gulf Insurance Company*, 46 F.3d 478 (5th Cir. 1995) for support.

Because Marquette does not seek to enjoin any claims outside the Limitation Action at this time and presumably will not do so until it has complied with 46 U.S.C. § 30511(b) and Supplemental Admiralty Rule F(1), and because Marquette represents that it "was simply preserving its right to file a Limitation Complaint within 6 months after written receipt of a claim" (Rec. Doc. 6-1 at 2), and in view of *Guey*,[1] the Court will reconsider its prior Order.

---

[1] *Guey*'s holding is narrow. It stands for the proposition that the Limitation Act and Rule F do not mandate that security be posted simultaneously with the complaint. *See* 46 F.3d at 481. However, *Guey* also noted that:

2

Accordingly,

**IT IS ORDERED** that Marquette's Motion for Reconsideration (Rec. Doc. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court's Order of December 16, 2016 (Rec. Doc. 5) is **VACATED**.

**IT IS FURTHER ORDERED** that Marquette shall post the security required by 46 U.S.C. § 30511(b) and Supplemental Admiralty Rule F(1) within 15 days of the time Raymond Boudreaux identifies the Marquette vessel(s) involved in his claim.

**IT IS FURTHER ORDERED** that, if Marquette has not posted security within 120 days of this Order, Marquette shall report to the Court on the status of Raymond Boudreaux's claims.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mark this matter closed for statistical purposes until further instructed by the Court.

New Orleans, Louisiana, this 9th day of January, 2017.

_____
United States District Judge

---

[A]lthough Rule F and section 185 impose no mandatory time limitations on the posting of a bond, clearly the better practice is to require timely posting of a bond, so that the litigation may be expediently resolved. The district court is free, and, indeed, is encouraged to exercise its discretion and require prompt filing of the bond once the complaint is filed. The district court surely may enforce such orders with the proper sanctions, including dismissal of the limitations proceedings in the appropriate case.

*Id.* (emphasis omitted).

3

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: THE MATTER OF BKM MARINE, LLC AS OWNER AND OPERATOR OF THE BARGE MONCLA 102 PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION NO.   6:20-cv-1092<br><br>SECTION<br><br>JUDGE   SUMMERHAYS<br><br>MAGISTRATE JUDGE   HANNA |

## ORDER DIRECTING POSTING OF SECURITY AND NOTICE TO THE COURT

A Complaint having been filed herein by BKM Marine, LLC, as owner and operator of the barge MONCLA 102, for exoneration from or limitation of liability, pursuant to 46 U.S.C. §§ 30501, *et seq*. and Rule F of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure, for any and all loss of life, injury, loss of property, destruction, or damage, arising out of the incident which occurred on July 3, 2019 aboard the barge MONCLA 102, all as is more fully described in Limitation Petitioner's Complaint For Exoneration From or Limitation of Liability ("Complaint") filed herein;

**NOW, THEREFORE,** on the motion of counsel for Limitation Petitioner:

**IT IS ORDERED** as follows:

   1)   That Limitation Plaintiff shall post the security required by 46 U.S. C. § 30511(b) and Supplemental Admiralty Rule F(1) within thirty (30) days from the date of filing of the Complaint;

   2)   Once Limitation Petitioner has posted security, Limitation Petitioner shall file an *Ex Parte* Motion for Approval of Security, Restraining Order, Dissolution of Warrants for Arrest, Notice to Claimants and Other Relief, along with accompanying proposed order(s) and notice(s).

   3)   Service of this order may be made through the United States Post Office by mailing a conformed copy thereof to potential claimants or to their respective attorneys, or alternatively, delivered by hand.

**EXHIBIT D**

Signed this <u>25th</u> day of <u>August</u>, 2020.

_____
UNITED STATES DISTRICT JUDGE

{N4069079.1} 2